UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Apple iPhone 13;
Apple iPad, Model #A2068;
Apple iPad, Model #A1397;
HP Pavilion, Model #DV7-3186CL;
Crypto Seed Key;
Forty (40) 1 oz. Fine Silver – One Dollar Coins 2019;
Twenty (20) 1 oz. Fine Silver – One Dollar Coins 2017;
Twenty (20) 1 oz. Fine Silver – One Dollar Coins 2013;
One (1) 1 oz. Fine Silver – One Dollar Coin 2020;
One (1) ½ oz. Fine Silver Coin;
One (1) 1 oz. Fine Silver – One Dollar Coin;
One (1) 1 oz. Fine Silver – Canada;
One (1) 1957B $1 Silver Certificate;
Six (6) 1957A $1 Silver Certificates;
Four (4) US Currency;
Two (2) Military Payment Certificates, Series 541, Ten and Five Cents;
One (1) Military Payment Certificate, Series 481, Fifty Cents;
Two (2) Military Payment Certificates, Series 461, Twenty-Five Cents;
Two (2) Military Payment Certificates, Series 641, One Dollar and Five Cents;
Twelve (12) Iraqi Dinar;
Thirteen (13) Vietnam Dong;
One (1) Canada Dollar;
One (1) Mexico Peso;
One (1) Dominican Peso;
One (1) .1 g KaratPay Cash Gold Certificate #HS99468016;

**Misc. No.: 22-51406**
Hon. Matthew F. Leitman

Nine (9) Collectable Coins; and
Coinbase Account:
5977867c59aa9b009d3831af in the name of
George Williams (approximate value:
$3,203.14 in Crypto currency)

**STIPULATION AND ORDER EXTENDING UNITED STATES'
TIME TO FILE FORFEITURE COMPLAINT AND
TO TOLL THE CIVIL FILING DEADLINE**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and George Williams, by and through his attorney, Douglas R. Mullkoff, as follows:

1. On April 12, 2022, Homeland Security Investigations ("HSI") seized the following property:

- Apple iPhone 13;
- Apple iPad, Model #A2068;
- Apple iPad, Model #A1397;
- HP Pavilion, Model #DV7-3186CL;
- Crypto Seed Key;
- Forty (40) 1 oz. Fine Silver – One Dollar Coins 2019;
- Twenty (20) 1 oz. Fine Silver – One Dollar Coins 2017;
- Twenty (20) 1 oz. Fine Silver – One Dollar Coins 2013;
- One (1) 1 oz. Fine Silver – One Dollar Coin 2020;
- One (1) ½ oz. Fine Silver Coin;
- One (1) 1 oz. Fine Silver – One Dollar Coin;
- One (1) 1 oz. Fine Silver – Canada;
- One (1) 1957B $1 Silver Certificate;
- Six (6) 1957A $1 Silver Certificates;
- Four (4) US Currency;
- Two (2) Military Payment Certificates, Series 541, Ten and Five Cents;
- One (1) Military Payment Certificate, Series 481, Fifty Cents;

2

- Two (2) Military Payment Certificates, Series 461, Twenty-Five Cents;
- Two (2) Military Payment Certificates, Series 641, One Dollar and Five Cents;
- Twelve (12) Iraqi Dinar;
- Thirteen (13) Vietnam Dong;
- One (1) Canada Dollar;
- One (1) Mexico Peso;
- One (1) Dominican Peso;
- One (1) .1 g KaratPay Cash Gold Certificate #HS99468016;
- Nine (9) Collectable Coins; and
- Coinbase Account: 5977867c59aa9b009d3831af in the name of George Williams (approximate value: $3,203.14 in Crypto currency)

(collectively referred to herein as the "Property").

2. The Parties acknowledge and stipulate that U.S. Customs and Border Protection ("CBP") provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to George Williams.

3. George Williams filed a claim in the administrative forfeiture proceeding with CBP regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. CBP referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

      (a) file a complaint for forfeiture against the claimed property,

      (b) return the claimed property, or

      (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **September 5, 2022**.

6.     As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7.     George Williams knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **September 5, 2022**.

8.     The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **91 days** from **September 5, 2022** to and including

**December 5, 2022**.

9. George Williams waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. George Williams further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. George Williams agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **December 5, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and George Williams shall not seek its return for any reason in any manner.

11. By signing below, Douglas R. Mullkoff declares that prior to signing this Stipulation, he provided a copy of it to George Williams, reviewed it with George Williams, consulted with George Williams regarding its contents, answered any questions George Williams had about it, determined that George Williams understands its terms and is aware of his rights in this matter, and George Williams authorized Douglas R. Mullkoff to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| <u>S/Cassandra M. Resposo</u> | <u>S/Douglas R. Mullkoff (with consent)</u> |
| Cassandra M. Resposo (IL 6302830) | Douglas R. Mullkoff |
| Assistant United States Attorney | Attorney for George Williams |
| 211 W. Fort Street, Suite 2001 | 402 W. Liberty Street |
| Detroit, MI 48226 | Ann Arbor, MI 48103 |
| (313) 226-9736 | (734) 761-8585 |
| Cassandra.Resposo@usdoj.gov | Doug@kmhlaw.com |
| | |
| Dated: August 31, 2022 | Dated: August 31, 2022 |

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2022

6